**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION**

**WILBUR MARVIN HIGGINBOTHAM,**

    Petitioner-Defendant,

                                         **Civil Action No. 1:11-cv-144**
v.                                    **Criminal Action No. 1:09-cr-117**
                                         **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    Respondent-Plaintiff.

**REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE
RECOMMENDING THAT THE DISTRICT COURT DENY PETITIONER'S MOTION
UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

**I.    INTRODUCTION**

On September 14, 2011, Petitioner-Defendant Wilbur Marvin Higginbotham ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody ("Petition" or "Motion"). (Civil Action No. 1:11-cv-144, ECF No. 1; Criminal Action No. 1:09-cr-117, ECF No. 33 ("Mot.").) On November 15, 2011, the undersigned Magistrate Judge entered an Order directing Respondent, the United States of America ("Respondent" or "Government"), to answer Petitioner's motion. (Civil Action No. 1:11-cv-144, ECF No. 5; Criminal Action No. 1:09-cr-117, ECF No. 38.) The Government responded on December 12, 2011. (Civil Action No. 1:11-cv-144, ECF No. 7; Criminal Action No. 1:09-cr-117, ECF No. 40 ("Resp.").) Petitioner replied to the Government's response on December 22, 2011. (Civil Action No. 1:11-cv-144, ECF No. 8; Criminal Action No. 1:09-cr-117, ECF No. 41 ("Reply").) The undersigned now issues this Report and Recommendation on Petitioner's motion without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge dismiss Petitioner's motion to vacate.

## II. FACTS

*A. Conviction and Sentence*

On November 3, 2009, the Grand Jury charged Petitioner with three counts of distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C), and one count of being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). (Indictment, Criminal Action No. 1:09-cr-117, ECF No. 1.)

On January 28, 2010, Petitioner signed a plea agreement in which he agreed to plead guilty to Count One, distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)*,* and Count Four, being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). (Plea Agreement, Criminal Action No. 1:09-cr-117, ECF No. 20.) On February 8, 2010, Petitioner appeared before the Honorable John S. Kaull, United States Magistrate Judge, to enter his guilty pleas. (Order/Opinion Regarding Plea of Guilty, Criminal Action No. 1:09-cr-117, ECF No. 21.) The Honorable Irene M. Keeley, United States District Judge, accepted Petitioner's guilty plea on February 11, 2010. (Order Following Change of Plea and Setting Sentencing Hearing, Criminal Action No. 1:09-cr-117, ECF No. 23.)

On May 18, 2010, Petitioner appeared before Judge Keeley for sentencing. Judge Keeley sentenced Petitioner to thirty-seven months on Counts Two and Four, to run concurrently, and a three-year term of supervised release on Counts Two and Four, to run concurrently. (Judgment in a Criminal Case, Criminal Action No. 1:09-cr-117, ECF No. 29.)

*B. Direct Appeal*

Petitioner did not pursue a direct appeal.

*C. Federal Habeas Corpus*

1.  **Petitioner's Motion**

As his only ground for relief in his Motion, Petitioner asserts that he has suffered from a miscarriage of justice because the "Bureau of Prisons misconstrued the sentencing factors adopted by this court and applied the conviction for violation of 18 U.S.C. § 922(g) in a manner unintended." (Mot. at 5.)[1] Specifically, Petitioner challenges the Bureau of Prisons' ("BOP") denial of a statutory reduction of his sentence after his scheduled completion of the Residential Drug Abuse Program ("RDAP") because of the determination that his possession of a weapon in connection with the charged offenses constituted a violent act. (Mem. in Supp. of Mot. to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Mem. in Supp.") at 4, Civil Action No. 1:11-cv-144, ECF No. 2; Criminal Action No. 1:09-cr-117, ECF No. 34.) As relief, Petitioner asks the Court to "VACATE and REIMPOSE the same sentence without a finding of weapons possession pursuant to 18 U.S.C. § 922(g) or the related enhancement under the Sentencing Guidelines." (Mot. at 14; *see also* Mem. in Supp. at 11.)

2.  **Government's Response**

In its Response, the Government asserts that Petitioner should have addressed his complaint by filing a motion pursuant to 28 U.S.C. § 2241 in the district of his confinement. (Resp. at 1.) For this reason, the Government asks that the Court dismiss Petitioner's Motion. (*Id.* at 2.)

3.  **Petitioner's Reply**

In his Reply, Petitioner "submits that the Government's position requests this Honorable Court to misconstrue the claims asserted by [him] and does not deny the factual basis upon which

---

[1] The Court utilizes the page numbering of the document filed using CM/ECF when referring to Petitioner's Motion.

the relief is sought." (Reply at 1.) He claims that because an alleged miscarriage of justice has occurred, he is entitled to bring his claim under 28 U.S.C. § 2255. (Reply at 3-4.) Specifically, Petitioner states that he is not suggesting "that the prison officials are acting contrary to the imposed judgment as it is currently reflected on the record;" rather, he suggests that this Court intended for him to "obtain the benefit of successful completion of the RDAP, but the manner in which the sentence was recorded serves to prevent the Court's intent from coming to fruition." (Reply at 3-4.)

*D.     Recommendation*

Based upon a review of the record, the undersigned recommends that Petitioner's Motion, to the extent that he is challenging the BOP's denial of a RDAP sentence reduction, be dismissed without prejudice to his right to re-file that challenge in a proceeding pursuant to 28 U.S.C. § 2241 in the district of his confinement. Furthermore, the undersigned recommends that Petitioner's challenge to the firearm enhancement based on his possession of firearms in connection with his drug trafficking offense be dismissed as procedurally defaulted without excuse.

### III.     ANALYSIS

*A.     Challenge to BOP's Denial of RDAP Sentence Reduction*

As an initial matter, the undersigned notes that Petitioner's complaints, at the core, challenge matters resting within the sole discretion of the BOP. Essentially, Petitioner's Motion challenges the BOP's decision to not award him a sentence reduction after he completes RDAP.

Under 28 U.S.C. § 2255, a federal prisoner may attack his conviction and sentence on the ground that it violates the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. However, not all possible challenges to federal custody fall within the purview of § 2255. A prisoner wishing to challenge the

execution of his federal sentence, as opposed to its legality, must do so pursuant to 28 U.S.C. § 2241, not § 2255. *See United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989). Therefore, a prisoner making a claim for credits to be applied against his sentence is attacking the computation and execution of the sentence and therefore must bring the claim in the district of confinement. *Id.*; *see also Rumsfeld v. Padilla*, 542 U.S. 426 (2004) (claim that challenges present physical confinement must be filed in the district of confinement); *United States v. Johnson*, 317 F. App'x 336, 337 n.2 (4th Cir. 2009) (citing *Miller*).

To the extent that Petitioner seeks to challenge the BOP's decision concerning whether or not he is eligible for a sentence reduction following his completion of RDAP, he is challenging the execution and duration of his sentence instead of its legality. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243-44 (3d Cir. 2005). When a prisoner wishes to attack the manner in which his sentence is being carried out or the authorities' calculation of its duration, he must file, in the district of confinement, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Miller*, 871 F.2d at 490. Petitioner's Motion, Reply, and docket sheet reflect that he is currently confined at the Federal Correctional Institution-Beckley, which is located in the Southern District of West Virginia. Therefore, if Petitioner wishes to challenge the BOP's denial of a RDAP reduction, he must file a petition pursuant to § 2241 in that district. *See Brown v. United States*, Nos. 5:11cv155-V-2, 5:09cr49-6-V, 2011 WL 6000547, at *2-3 (W.D.N.C. Nov. 30, 2011) (noting that petitioner should have filed a petition pursuant to § 2241 to challenge the BOP's denial of a RDAP reduction in the Southern District of West Virginia).

**B.** ***Challenges to the Two-Level Sentence Enhancement***

In his Memorandum supporting his Motion, Petitioner appears to challenge the sentencing enhancement to his base offense calculation for possession of a firearm in connection with his drug trafficking offense. (Mem. in Supp. at 4.) However, the undersigned finds that Petitioner's challenge to this enhancement should be dismissed as procedurally defaulted without excuse.

Typically, the failure to raise non-constitutional issues on direct appeal results in their being deemed waived in a § 2255 motion. *See United States v. Emanuel*, 869 F.2d 795, 796 (4th Cir. 1989). However, "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted). To establish cause, a movant must demonstrate "something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). Actual prejudice is then shown by demonstrating that the error worked to a petitioner's "'actual and substantial disadvantage,'" rather than just creating a possibility of prejudice. *See Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986)). To establish actual innocence, a petitioner must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (citations omitted) (internal quotation marks omitted). Usually, a petitioner "must demonstrate actual factual innocence of the offense of conviction;" "this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." *Mikalajunas*, 186 F.3d at 494.

Here, Petitioner claims that he received a two-level firearm enhancement[2] to his base offense sentencing calculation even though, he alleges, "no weapon was present during either transaction." (Mem. in Supp. at 4.) The Pre-Sentence Report concluded that Petitioner displayed firearms to the confidential informant during one of the drug transactions; however, Petitioner did not submit any challenges to the enhancement based on his current argument that no weapons were present. (*See* Pre-Sentence Report ("PSR") at 3, Criminal Action No. 1:09-cr-117, ECF No. 28.) Petitioner also did not file a direct appeal to seek further review of the district court's determination. (Mot. at 2.) The undersigned finds that Petitioner's argument that the BOP's determination that he is ineligible for a statutory sentence reduction is a "miscarriage of justice" is insufficient to excuse his procedural default for failing to challenge the enhancement. *See Brown*, 2011 WL 6000547, at *3 (finding that petitioner's "miscarriage of justice" claim regarding a two-level firearm enhancement was insufficient to excuse procedural default). Therefore, any challenge to the enhancement should be dismissed because of Petitioner's procedural default.

## IV. RECOMMENDATION

Based upon a review of the record, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 1:11-cv-144, ECF No. 1; Criminal Action No. 1:09-cr-117, ECF No. 33), to the

---

[2] The undersigned notes that the probation officer, in calculating Petitioner's offense level, recommended a four-level enhancement for Petitioner's possession of firearms during another felony offense–distribution of heroin–pursuant to U.S.S.G. § 2K2.1(b)(6). (*See* Pre-Sentence Report ("PSR") at 8, Criminal Action No. 1:09-cr-117, ECF No. 28.) The probation officer also recommended a two-level increase pursuant to U.S.S.G. § 2K2.1(b)(1) for Petitioner's possession of seven firearms and a two-level increase pursuant to U.S.S.G. § 2K2.1(b)(4)(A) for Petitioner's possession of a stolen firearm. (*Id.*) From Petitioner's argument, it appears that he is challenging the four-level enhancement rather than either of the two-level enhancements.

extent that it challenges the BOP's denial of a RDAP statutory sentence reduction, be **DISMISSED WITHOUT PREJUDICE** to his right to re-file that challenge in a proceeding pursuant to 28 U.S.C. § 2241 in the district of his confinement. Furthermore, the undersigned recommends that Petitioner's challenge to the firearm enhancement based on his possession of firearms in connection with his drug trafficking offense be **DISMISSED** as procedurally defaulted without excuse.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner Wilbur Marvin Higginbotham.

**DATED:** January 4, 2012

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE